(C. D. 886)

## SHUN ON & CO. *v.* UNITED STATES

### United States Customs Court, First Division

(Dated October 31, 1944)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Richard E. FitzGibbon*, special attorney), for the defendant.

Before OLIVER, WALKER, and COLE, Judges; COLE, J., filing memorandum

#### ORDER

Plaintiff having filed a motion for severance of causes of action, and having submitted to this court its reasons therefor, and consideration having been given thereto, and a separate memorandum containing the individual views of Judge Cole being filed herewith, it is ordered that the motion be and it is hereby granted, and it is further ordered:

(1) That the cause of action which relates to merchandise described in the protest as "oyster sauce" be and it is hereby severed from the remaining claim in the protest.

(2) That upon receipt of this order plaintiff shall immediately file with the clerk of this court two extracts from above-entitled protest, one containing all of that portion of the original protest which sets forth plaintiff's cause of action in regard to "oyster sauce," and the other all of that portion of the original protest which consists of the remaining cause of action.

(3) That upon receipt of these extracts the clerk of this court shall attach each one to a separate cover or jacket, shall assign to each the original identifying number, and shall add thereto the letter "S" to indicate severance. Also, he shall place with one of these extracts all of the pertinent documents and shall make appropriate notation of this fact upon the remaining file.

(4) That thereafter plaintiff may proceed separately in regard to the claims contained in each extract and in the same manner as it would have been entitled to proceed, under the practice of this court, had it originally filed separate protests as to each cause of action.

#### MEMORANDUM

COLE, Judge: The motion by plaintiff for severance in the above-entitled proceeding and the memorandum by the defendant in reply thereto present a new situation occasioned by the present World War. Technical objections to the granting of the motion might be

discovered but a situation unfair to the plaintiff and hostile to the ends of justice would thereby develop.

This court, by statute, is permitted "to establish from time to time such rules of evidence, practice, and procedure, not inconsistent with law, as may be deemed necessary for the conduct of its proceedings," section 518 of the Tariff Act of 1930 (19 U. S. C. 1940 ed. § 1518). There is no rule of this court dealing with the question of severance. In 26 R. C. L. (pp. 1011–1012), under the title of "Severance of Issues for Trial," appears the following: "Ordinarily whether all or a part only of the issues in any action between two parties shall be tried at one time, and which shall be tried first are questions of justice and convenience to be determined by the trial court." This is sound reasoning and applies here.

The memorandum in support of the motion presents a convincing request, and there is nothing in the answer thereof which justifies the denial thereto.

For the foregoing reasons, I have signed the proposed order, as submitted.